# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| **GAIL SMITH,**<br>        An individual<br><br>                Plaintiff<br>vs.<br><br>**PILGRIM'S PRIDE CORPORATION**<br>A Foreign For Profit Corporation,<br><br>                Defendants | § § § § § § § § § § § § § § §<br><br>**CASE NO.** |

## NOTICE OF REMOVAL

Defendant Pilgrim's Pride Corporation ("Pilgrim's Pride" or "Defendant"), by and through the undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, respectfully files this Notice of Removal giving notice that it is removing this civil action to the United States District Court for the Middle District of Florida, Jacksonville, Division.  In support of this Notice of Removal, Defendant states as follows:

## PROCEDURAL ALLEGATIONS

1.  On or about May 15, 2014, Plaintiff Gail Smith ("Plaintiff") filed a complaint in the Circuit Court of the Third Judicial Circuit, in and for Suwanee County, Florida, entitled Gail Smith  v. Pilgrim's Pride Corporation, A Foreign Profit Corporation, designated Case No. 14-CA-000126 (hereinafter referred to as the "State Court Action").

2.  On June 12, 2014, Defendant was served with a Summons and Complaint by process service.  A copy of the summons reflecting service is attached as Exhibit "A."

3. The Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), within thirty-days (30) from the date on which the summons was served. A true and legible copy of all pleadings and other papers or exhibits of every kind on file in the State Court Action are attached hereto as Exhibit "B" and have been submitted via a CD to the Court as required by local rules. The state court judge presiding over this action signed a consent order for an extension of time to answer or otherwise respond, and there are no pending motions in the State Court Action.

4. Plaintiff's Complaint asserts a claim for wrongful termination pursuant to Florida Statute § 440.205 against Defendant. Plaintiff requests unspecified damages for loss of wages, loss of wage earning capacity, emotional distress, other economic losses which will impact Plaintiff in the future and attorneys' fees.

5. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed pursuant to 28 U.S.C. § 1441, in that the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**DIVERSITY OF CITIZENSHIP**

6. Plaintiff is a resident and citizen of Duval County, Florida.  Compl. ¶ 2.

7. Defendant is a Delaware Corporation, with its principal place of business in Greeley, Colorado.  Compl. ¶ 3.  As such Defendant is not a citizen of the state of Florida.

**AMOUNT OF CONTROVERSY**

8. The potential damages in this case exceed the $75,000 amount in controversy requirement. The Plaintiff's Complaint seeks an unspecified amount of damages which she alleges is based on lost wages that are due (including back pay and loss of future earning capacity), emotional distress damages, other economic damages and attorney fees. When a

complaint does not claim a specific amount of damages, removal from State court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. *Williams v. Best Buy Co. Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The amount in controversy is calculated by determining the potential damages and attorney's fees incurred from the alleged discriminatory event through the date of trial. *See Fusco v. Victoria's Secret Stores, LLC*, 806 F. Supp. 2d 1240, 1244 (M.D. Fla. 2011) (holding that for purposes of the amount in controversy requirement, back pay should be calculated from the date of the adverse employment action until the date of trial, less any mitigation).

9. For purposes of removal on the basis of diversity jurisdiction, the amount in controversy requirement is determined by the value of the rights being litigated. When a Plaintiff alleges "damages in excess" of a certain amount set below the jurisdictional requirement, the court should look beyond the face of the complaint to determine whether a fair reading of the complaint establishes that jurisdiction exists. *See Baker v. Firestone Tire Rubber Co.*, 537 F. Supp. 244, 245-47 (S.D. Fla. 1982) (complaint alleging damages in excess of jurisdictional amount for Florida circuit court was properly removed where fair reading of the complaint established that claim was removable).

10. When the complaint does not specify the amount that the plaintiff claims, as is the case here, the defendant need only establish the jurisdictional amount by a preponderance of the evidence. *Morock v. Chautauqua Airlines, Inc.*, 2007 U.S. Dist. LEXIS 43133, at *4-5 (M.D. Fla. June 14, 2007) ("To meet the preponderance of the evidence burden, Defendant must prove the amount in controversy 'more likely than not' exceeds $75,000.00").

11. Back pay is calculated from the time of termination until the date of trial. *See Munoz v. Oceanside Resorts. Inc.*, 223 F.3d 1340, 1347 (11th Cir. 2000). In 2013, Plaintiff

earned $31,908.19 for hours worked. Plaintiff also received a $170 bonus payment in 2013. Additionally, Defendant paid $313.08 in benefits for Plaintiff per month at the time of her termination or $3,756.96 a year ($313.08 x 12). In other words, Plaintiff earned approximately $36,000 in 2013. Plaintiff's complaint alleges that she was terminated on January 14, 2014. As of the filing of this removal, Plaintiff's backpay damages are approximately $15,000 in back pay. Assuming that this case is on a one (1) year scheduling track to trial, Plaintiff would have an additional $36,000 in back pay. See Declaration of David Butters, attached as Exhibit C. Estimating that this case, arguably, could take one year to proceed to trial, Plaintiff would have approximately $51,000 ($36,000 plus $15,000) in back pay damages.

12. For amount in controversy purposes, front pay is calculated as the value that would flow to the plaintiff if the requested relief is granted. In the event that this Court considers the issue of front pay, an award of one year of front pay is not uncommon in employment cases. See *Munoz,* 223 F.3d at 1349, (affirming front pay award of one year in the amount of $22,449.80). Assuming Plaintiff was awarded just one year of front pay damages, her damages would be an additional $32,000 (excluding benefits).

13. Next, Plaintiff claims emotional distress damages. In reviewing other worker's compensation retaliation cases and Florida Statute § 440.205 claims, emotional distress damages can range in the tens of thousands of dollars. For example, in *Neighbors v. JC Penney Corporation*, 4:10-cv-00148-RH-WCS, Dkt. No. 68 (N.D. Fla. 2010), the jury found for the Plaintiff and awarded Plaintiff $150,000 in emotional distress damages. In *Ernest Ward vs. Advanced Management Services, Inc.*, Circuit Court of Palm Beach County, Florida, Docket No.: 2009-CA-008022; FJVR Reference No. 12:2-33 (Oct. 5, 2011), the jury awarded Plaintiff $100,000 in emotional pain and mental anguish damages. In *Santayana v. Grandview*

*Condominium Association*, Florida Circuit Court, Eleventh Judicial Circuit, Case No. 2009-3426-CA-01 (Dec. 1, 2010), Santanya sued Grand View ialleging wrongful discharge in violation of Florida Statute 440.205, the jury found for plaintiff and awarded him $100,000 in emotional distress damages. *See* 2010 Jury Verdicts LEXIS 42724.

14. The Plaintiff s Complaint also makes a claim for attorney's fees, and, as such, that amount should be taken into consideration when determining whether the Plaintiff's claims likely exceed $75,000.00. *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). While the Defendant has not calculated the estimated amount of attorneys' fees that the Plaintiff's attorney may request assuming he prevails at trial, the fact that attorneys' fees are included in the calculation for diversity jurisdiction only strengthens Defendant's assertion that the preponderance of the evidence establishes that the Plaintiff's Complaint reasonably states a claim in excess of $75,000.

## VENUE, NOTICE AND FILING FEES

15. The District and Division embracing the place where such an action is pending is the United States District Court for the Middle District of Florida, Jacksonville Division. See 28 U.S.C. § 1441(a)

16. Pursuant to 28 U.S.C. § 1446(d), Defendant has provided written notice of the removal to the Plaintiff in this action and has filed a copy this Notice of Removal in the Circuit Court of Suwanee County, Florida. A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "D."

17. The required filing fee of $400 and an executed civil cover sheet accompany this notice.

WHEREFORE, Defendant respectfully removes this action, pending in the Third Circuit Court of Suwanee County, Florida, to the United States District Court in the Middle District Court of Florida, Jacksonville Division:

Respectfully submitted this 11th day of July, 2014.

ROTELLA LEGAL GROUP, P.A.

By:    /s/ Bryan Rotella
Bryan Rotella, Esq., Florida Bar No. 0644099
Sarah Casey, Esq., Florida Bar No. 92303
100 South Ashley Drive, Suite 375
Wells Fargo Building
Tampa, Florida 33602
Telephone: (813) 228-0306
Email: bryan.rotella@rotellalegalgroup.com
Email: sarah.casey@rotellalegalgroup.com

*ATTORNEYS FOR DEFENDANT*

### CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2014, I served a true and correct copy of this Notice of Removal via U.S. Mail, properly addressed and postage prepaid to:

Cord Byrd, Esq.
LAW OFFICE OF CORD BYRD, P.A.
1807 Third Street, North
Jacksonville Beach, Florida 32205

   /s/ Bryan Rotella