Filing # 13721316 Electronically Filed 05/15/2014 03:38:02 PM

IN THE CIRCUIT COURT, THIRD
JUDICIAL CIRCUIT, IN AND FOR
SUWANNEE COUNTY, FLORIDA

GAIL SMITH             Case No.: 14-CA-125
   An individual       Division: Civil

     Plaintiff,
vs.

PILGRIM'S PRIDE CORPORATION
   A Foreign Profit Corporation,

     Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, Gail Smith, by and through undersigned counsel, and hereby sues the Defendant, Pilgrim's Pride Corporation, and in support thereof states:

1. This is an action for damages that exceed the minimal jurisdictional sum of Fifteen Thousand Dollars ($15,000.00), excluding interest, costs and attorney's fees.

2. The Plaintiff, Gail Smith, is an individual, sui juris, who at all material times resided in Duval County, Florida.

3. The Defendant, Pilgrim's Pride Corporation (hereinafter "PPC"), is a Foreign Profit Corporation, conducting business under Florida Law with its principal address at - 1770 Promontory Circle, Greeley, Colorado 80634.

### FACTS COMMON TO ALL COUNTS

4. On or about July 31, 2008, the Plaintiff, Gail Smith was hired by PPC to work in PPC's chicken processing plant in Live Oak, Florida.

5. On August 11, 2013 Gail Smith was injured at work in a compensable industrial accident.



E-FILED
5-15-14

6. Gail Smith reported the workplace accident to PPC and was provided medical benefits under PPC's workers' compensation insurance policy.

7. PPC's workers' compensation insurance provider accepted Gail Smith's workplace accident as compensable.

8. The workers' compensation doctor, chosen by PPC's workers' compensation insurance provider, placed Gail Smith on a light duty work status and assigned her work restrictions.

9. After receiving work restrictions from the authorized treating doctor Gail Smith returned to work for PPC in a light duty work capacity.

10. On January 14, 2014, at the end of the workday, Gail Smith was summoned by her manager to come to his office.

11. Gail Smith's manager told her that she was being terminated for not informing PPC and/or the authorized doctor that she had made a workers' compensation claim in California.

12. During the January 14, 2014 termination meeting Gail Smith informed PPC's management that she had never been to California and that PPC must have made a mistake or received incorrect information.

13. Despite Gail Smith's protest that she had never been to California, PPC proceeded to terminate her employment on January 14, 2014.

14. Gail Smith has never been to California.

15. Gail Smith has never made a workers' compensation claim in California.

16. On the date of termination Gail Smith was still under the care of the workers' compensation doctor chosen by PPC, was still on a restricted work status and had not reached

maximum medical improvement as that term is defined by Florida's workers' compensation statute.

## COUNT I
## WRONGFUL DISCHARGE
## IN VIOLATION OF F.S.§440.205

17. Gail Smith re-alleges and re-avers paragraphs one (1) through sixteen (16) of the Complaint as if set forth herein.

18. On January 14, 2014, PPC terminated Gail Smith by reason of her valid claim for medical care and treatment under the Florida workers' compensation statute, thus violating F.S. §440.205.

19. Florida Statute §440.205 provides: "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."

20. In this case there is no valid reason for PPC to discharge Gail Smith.

21. Gail Smith suffered a compensable workplace accident with injuries.

22. Any and all reasons stated by PPC for firing Gail Smith are pre-textual.

23. As a direct and proximate result of PPC's wrongful discharge of Gail Smith she has been damaged in that he she been deprived of gainful employment.

24. As a result of PPC's intentional conduct, Gail Smith has suffered loss of wages, loss of wage earning capacity and emotional distress along with other economic losses which will impact Gail Smith in the future.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

**WHEREFORE,** the Plaintiff, Gail Smith, demands judgment for damages against PPC for

violation of Florida Statute §440.205, including costs, trial by jury and all other relief that is just and proper.

DATED THIS 15th day of May, 2014.

                                LAW OFFICE OF CORD BYRD, P.A.
                                1807 Third Street North
                                Jacksonville Beach, FL 32250
                                (904) 246-2404 Phone
                                (904) 246-2408 Facsimile


                                *s/ Cord Byrd*
                                Cord Byrd, Esquire
                                Florida Bar No.: 134406

                                Attorney for Plaintiff